IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Juliana Morais-Pierson | : | |
| Petitioner, | : | Case No. 3:15CV609 |
| vs. | : | Judge    Carr |
| Kevin Pierson | : | Magistrate |
| Respondent. | : | |

### ENTRY

On this 26th day of June 2015 this matter came before the Court on the Petitioner's complaint seeking an Order directing the return of the minor child LP pursuant to the Hague Convention on the Civil Aspects of Child Abduction and the International Child Abduction Remedies Act ( 42 U.S.C 11603 et seq.) and hereinafter referred to as the " complaint". The Court has been advised that the Petitioner and the Respondent have reached an agreement regarding the pending complaint. The Court has further been advised that the Petitioner and the Respondent desire for this Court to adopt their agreement as the Order of this Court. Having reviewed the agreement of the Petitioner and the Respondent the Court the Court finds that the agreement of the parties was executed freely and with full knowledge of the facts and law of this case. The Court having made such findings regarding the Parties agreement adopts the party's agreement and makes their agreement the Order of this Court.

**IT IS THEREFORE ORDERED THAT :**

1.      The Petitioner's complaint for the return of minor child LP pursuant to the Hague Convention on the Civil Aspects of Child Abduction and the International Child Abduction Remedies Act ( 42 U.S.C 11603 et seq is granted. The minor child LP shall be immediately

returned by the Petitioner to the child's country of habitual residence and which the Court finds to be the Country of Brazil. Petitioner and the minor child shall depart from the United States to Brazil no later than June 27, 2015.

2. The Petitioner and Respondent have agreed to a parenting agreement to provide the Respondent with rights of access (as that term is defined in the Hague Convention) both in the United States and Brazil. Those rights of access or visitation are as follows:

    a. The Respondent shall have parenting time in the United States with LP each year from July 10 to August 10. Respondent's July/August visit shall commence July 2016.

    b. During years which end in an odd number ( i.e. 2015) the Respondent shall visitation with the minor child in the United States from December 17 to February 1. In years ending in an even number ( i.e. 2016) the Respondent shall have visitation with the minor child from December 27 to February 1st. Respondent's December /February visit shall commence December 2015.

    c. In order to effectuate the Respondent's visitation, the Petitioner or an agreed upon third party shall to deliver the minor child to the United States and to a city designated by the Respondent in advance. At the conclusion of the visit the Respondent shall deliver the minor child to the Petitioner or 3rd party and the Petitioner or 3rd party shall return the child to Brazil. The Respondent shall pay for the entire cost of a round trip ticket for the minor child and the Respondent or 3rd party. Said tickets shall be provided by the Respondent to the Petitioner prior to the Petitioner and the minor child leaving Brazil to the United States.

    d. The Petitioner and Respondent agree that the visitation for the two time periods as described above will be the Respondent's exclusive time. However during the periods of visitation as described above, the Petitioner shall be allowed to exercise parenting time with the

minor child one weekend ( and defined as being from Friday at 6:00 pm to Sunday at 6:00 pm ) during the July/August visit and 2 weekends ( and defined as Friday at 6:00 pm to Sunday at 6:00 pm) during the December/February visits which occur in years ending in even number and 1 weekend ( and defined as Friday at 6:00pm to Sunday at 6:00 pm) during those visits which occur in years ending in an odd number. The Petitioner's weekends shall be scheduled so as not interfere or interrupt with any planned out of town vacation by the Respondent and the minor child. The Respondent shall provide the Petitioner with dates and times of his proposed vacation with the minor child so as to avoid the Petitioner scheduling her weekend during times that the Respondent intends to take an out of town vacation with the minor child.

    e.    Both the Petitioner and the Respondent shall be entitled to have electronic visitation with the child by way of Skype, face time or other electronic communication upon terms and conditions which are acceptable to the parties.

    f.    In the event the Respondent is in Brazil, the Respondent shall have visitation with the child Brazil pursuant to the applicable local parenting time schedule.

3.    Petitioner shall execute a legal document stating that she will not file any charges against Respondent in Brazil resulting from the matters addressed in the Petitioner's complaint for the return of the minor child.

4.    The Petitioner upon her return to Brazil shall cause to be filed in a court of appropriate jurisdiction a copy of this Order. .

5.    Petitioner shall not change the minor child's given name

6.    Respondent shall be provided notification of any medical appointments for the minor child and shall be permitted to speak with all health care providers and express his position

regarding treatment for the minor child. However, in the event there is a disagreement regarding the medical treatment to be provided to the minor child between the Respondent and the Petitioner the Petitioner shall have the right to make the final decision regarding any health care treatment provided for the minor child.

7. Petitioner and Respondent shall each be separately responsible for providing medical and dental insurance while the minor child is in their possession. In addition, the Petitioner and the Respondent shall each be separately responsible for the payment of health care related expenses while the child is in his/her possession.

8. Respondent shall immediately upon execution of this Order withdraw the restraining order issued against the Petitioner by the Lucas County Court of Common Pleas Division of Domestic Relations Case No. 2015-0178 so as to allow Petitioner and the minor child to leave the United States.

9. Each party shall be individually responsible for the payment of their own legal fees and costs without contribution by the other party.

10. The Petitioner's administrative fees and costs associated with filing the Petition for Return of the Child to Brazil are waived pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and 42 U.S.C. §11607 and shall be returned to the Petitioner.

_____
JUDGE

**Signatures of approval appear on the next page:**

APPROVED:

**GARY J. GOTTFRIED, CO., L.P.A.**

_____  
Gary J. Gottfried   (0002916)  
Counsel for Petitioner, Juliana Morais-Pierson

_____  
Juliana Morais-Pierson, Petitioner

_____  
Kevin Pierson, Respondent

5